George C. JEPSEN, Attorney General for the State of Connecticut and Connecticut Office of Consumer Counsel, Petitioners

v.

FEDERAL ENERGY REGULATORY COMMISSION, Respondent.

ISO New England Inc., Intervenor.

No. 10–1104.

United States Court of Appeals, District of Columbia Circuit.

April 26, 2011.

John Story Wright, Michael C. Wertheimer, Office of the Attorney General, State of Connecticut, Department of Public Utility Control, New Britain, CT, for Petitioner.

Beth Guralnick Pacella, Robert Harris Solomon, Esquire, Solicitor, Federal Energy Regulatory Commission (FERC), Office of the Solicitor, Washington, DC, for Respondent.

Daniel Robert Simon, Esquire, Howard Haswell Shafferman, Ballard Spahr, LLP, Washington, DC, for Intervenor.

Before: ROGERS, TATEL, and KAVANAUGH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This petition for review of orders of the Federal Energy Regulatory Commission was presented to the court and briefed and argued by the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is hereby

**ORDERED and ADJUDGED** that the petition for review is denied.

 ISO New England Inc. is a non-profit utility company that operates New England's electric transmission grid and administers the region's wholesale electricity market. Petitioners are concerned that ISO New England may be paying its executives too much, thus leading to higher rates for consumers. They challenge the Federal Energy Regulatory Commission's determination that ISO New England's 2010 budget, including its executive-compensation plan, was "just and reasonable." 16 U.S.C. § 824d(a); *see also id.* § 825*l* (b) (judicial review provision); *ISO New England Inc.*, 129 FERC ¶ 61,299 (2009) (order approving 2010 budget); *ISO New England Inc.*, 130 FERC ¶ 61, 236 (2010) (order denying petitioners' petition for rehearing). Specifically, they contend that before approving the 2010 budget, FERC should have required ISO New England to submit the report of an independent consultant that found the company's 2009 executive compensation to be reasonable. Given the "highly deferential" standard of review that applies to FERC decisions involving "matters of rate design," *Me. Pub. Utils. Comm'n v. FERC*, 454 F.3d 278, 287 (D.C.Cir.2006); *see also Blumenthal v. FERC*, 613 F.3d 1142, 1143, 1146–47 (D.C.Cir.2010), we conclude that FERC did not act arbitrarily or capriciously in approving ISO New England's 2010 budget without requiring submission of the 2009 report, especially in light of (1) the extensive vetting the company's budget had received from various stakeholders and the company's independent Board of Directors, and (2) the fact that FERC had previously reviewed and approved the consultant's methodology, *see ISO New England Inc.*, 127 FERC ¶ 61,254, at 62,106 (2009). We also reject petitioners' due-process argument. Although petitioners lacked an opportunity to review and comment on the consultant's 2009 report, they did have an opportunity to argue in their petition for rehearing that FERC should have required ISO New England to submit the report before approving the company's 2010 budget. In the context of this case, the Due Process Clause required nothing more. *Cf. Blumenthal*, 613 F.3d at 1145–46 (rejecting petitioners' due-process challenges to FERC's approval of ISO New England's 2009 executive-compensation plan).

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.